**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 19-4837**

—————————

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

DARRIUS A. HEUSER-WHITAKER,

  Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:18-cr-00177-RAJ-LRL-4)

—————————

Submitted:  July 8, 2022                                    Decided:  July 25, 2022

—————————

Before NIEMEYER and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

—————————

Vacated and remanded in part, affirmed in part by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Laura P. Tayman, LAURA P. TAYMAN, PLLC, Newport News, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Daniel T. Young, Assistant United States Attorney, Alexandria, Virginia, Kristin G. Bird, Special Assistant United States Attorney, John F. Butler, Assistant United States Attorney, Andrew Bosse, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrius A. Heuser-Whitaker appeals from his jury convictions and the resultant 288-month sentence imposed for conspiracy to interfere with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a); Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a), and brandishing a firearm during the robbery, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii); and attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a), and discharging and brandishing a firearm during the attempted robbery, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) ("Count 7"). Heuser-Whitaker asserts that his § 924(c) conviction for conduct charged in Count 7 is no longer valid after *Johnson v. United States*, 576 U.S. 591 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(b), is unconstitutionally vague), and *United States v. Davis*, 139 S. Ct. 2319 (2019) (declaring that § 924(c)(3)(B) is unconstitutionally vague). Heuser-Whitaker also challenges the validity of the district court's decision to admit into evidence copies of his jailhouse writings. We vacate the criminal judgment, in part, and affirm, in part.

We agree with Heuser-Whitaker that his conviction on Count 7 is no longer valid. Under federal law, a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying "crime of violence" and the additional crime of utilizing a firearm in connection with a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and:

2

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts typically refer to § 924(c)(3)(A) as the 'force clause' and § 924(c)(3)(B) as the 'residual clause.'" *United States v. Taylor*, 979 F.3d 203, 206 (4th Cir. 2020). "In view of the Supreme Court's invalidation of the residual clause as unconstitutionally vague, [Heuser-Whitaker's] § 924(c) conviction may stand only if attempted Hobbs Act robbery constitutes a 'crime of violence' under the force clause." *Id.* at 206-07 (citation omitted).

As we concluded in *Taylor*, attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s force clause. *Id.* at 208-09 (holding that attempted Hobbs Act robbery is no longer a "crime of violence" under § 924(c) "because the defendant may commit [a] substantial step by such nonviolent means as passing a threatening note to a store cashier or casing the store he intends to rob" (internal quotation marks and brackets omitted)). The Supreme Court has confirmed this conclusion. *United States v. Taylor*, 142 S. Ct. 2015 (2022). *Taylor* controls the outcome of Heuser-Whitaker's challenge to his § 924(c) conviction predicated on attempted Hobbs Act robbery and we thus vacate his conviction on Count 7.

We nonetheless discern no error regarding the district court's decision to admit into evidence copies of Heuser-Whitaker's jailhouse writings. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Webb*, 965 F.3d 262, 266 (4th

3

Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Evidence is "relevant" if "it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevance "typically presents a low barrier to admissibility." *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003). "Indeed, to be admissible, evidence need only be worth consideration by the jury, or have a plus value." *Id.* (internal quotation marks omitted).

A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice," however. Fed. R. Evid. 403; *see United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) ("Rule 403 states that a district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or needlessly presenting cumulative evidence." (cleaned up)). "[W]hen considering whether evidence is unfairly prejudicial, damage to a defendant's case is not a basis for excluding probative evidence because evidence that is highly probative invariably will be prejudicial to the defense." *Id.* (internal quotation marks omitted).

"Instead, unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* (cleaned up). Thus, under Rule 403, relevant evidence is

4

inadmissible where "there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) (internal quotation marks omitted). However, we "will not overturn a Rule 403 decision except under the most extraordinary of circumstances, where a trial court's discretion has been plainly abused." *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349-50 (4th Cir. 2014) (internal quotation marks and brackets omitted).

In addition, Fed. R. Evid. "404(b)(1) prohibits evidence of a crime, wrong, or other act from being used to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Webb*, 965 F.3d at 266 (internal quotation marks omitted). "But Rule 404(b) does not affect the admission of evidence that is intrinsic to the alleged crime." *Id.* (internal quotation marks omitted). "Instead, the rule is only applicable when the challenged evidence is extrinsic, that is, separate from or unrelated to the charged offense." *United States v. Brizuela*, 962 F.3d 784, 793 (4th Cir. 2020) (internal quotation marks omitted). "In contrast, acts that are a part of . . . the alleged crime do not fall under Rule 404(b) limitations on admissible evidence.'" *Id.* (internal quotation marks omitted). "Evidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial." *Webb*, 965 F.3d at 266 (cleaned up).

Because Heuser-Whitaker referenced conduct in his jailhouse writings that tended to establish his involvement in the conduct for which he was on trial, the writings had high

5

probative value. The jailhouse writings were thus relevant under Rule 401. Contrary to Heuser-Whitaker's argument on appeal, we find that the probative value of the writings was not outweighed by any prejudice the evidence may have had on Heuser-Whitaker. Admittedly, Heuser-Whitaker used the "N word" numerous times in the writings, which appeared to be a rap compilation. And we have clearly recognized that "[t]estimony concerning racial remarks is certain to be emotionally charged." *Mullen*, 853 F.2d at 1134.

But the jury here was presented with heavily redacted writings in which Heuser-Whitaker essentially made a de facto confession to a crime for which he was on trial. We do not find that Heuser-Whitaker's use of the "N word" in his own writings about a crime he committed would "excite[]" the jury to "irrational behavior" and, thus, we find that any prejudice created by the writings did not outweigh their high probative value. *Id.* (internal quotation marks omitted).

Because the jailhouse writings were undoubtedly about the crimes with which Heuser-Whitaker was charged, we further find the writings were intrinsic to the robbery scheme and admissible without recourse to Rule 404(b). *See United States v. Campbell*, 963 F.3d 309, 317 (4th Cir. 2020) ("Rule 404(b) is limited to evidence of other crimes or wrongs—not evidence of the charged offenses."). It is also apparent that the Government did not present the jailhouse writings for the sole purpose of demonstrating Heuser-Whitaker's bad character and, thus, we discern no error in the district court's decision to allow the writings' admission at trial. *Webb*, 965 F.3d at 266 ("Where testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible." (cleaned up)).

6

Accordingly, we vacate Heuser-Whitaker's conviction on Count 7 and remand the matter for resentencing. *See Taylor*, 979 F.3d at 210; *see also United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (holding that, under the sentencing package doctrine, "if some counts [of a multicount criminal judgment] are vacated, the judge should be free to review the efficacy of what remains in light of the original [sentencing] plan" (internal quotation marks omitted)). We affirm the remainder of the criminal judgment against Heuser-Whitaker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED IN PART,*
*AFFIRMED IN PART*